**FILED**

**JUL 28 2009**

Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUL WAKIL AMIRI, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 09 1395 |
| UNITED STATES OF AMERICA, *et al.*, | : |
| Defendants. | : |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The application will be granted and the complaint will be dismissed.

Plaintiff describes himself as a legal immigrant from Afghanistan who lives in Washington, D.C. He states that the Hon. Jennifer Anderson, Associate Judge of the Superior Court of the District of Columbia, presided over a civil action filed by plaintiff against the Gelman Management Co. and its legal counsel. Plaintiff alleges that Judge Anderson granted summary judgment for defendants and otherwise acted with malice against plaintiff because of his race, ethnicity, and national origin. He considers Judge Anderson an employee of the United States of America, and he brings this action for alleged violations of his civil rights and also brings common law tort claims against her under District of Columbia law. Plaintiff demands damages totalling $40 million.

The Court assumes without deciding that Judge Anderson is a federal employee and that the United States is the proper defendant to this action. *See* 28 U.S.C. § 1346(b)(1) (granting federal district courts exclusive jurisdiction of civil actions against the United States for money damages "for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of [her] office or employment"). The Federal Tort

Claims Act provides that the "United States shall be liable [for tort claims] in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674(a). It requires that a claimant present his claim to the appropriate federal agency prior to filing a civil action in a federal district court. *McNeil v. United States*, 508 U.S. 106, 113 (1993); 28 U.S.C. § 2675(a) (requiring claimant to present claim "for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . to the appropriate Federal agency" from which written notice of the denial of the claim has been forwarded to the claimant before a suit may be filed). Because plaintiff fails to allege the exhaustion of his administrative remedies by having presented his claim first to the appropriate agency, this Court lacks jurisdiction to entertain his case.

    An Order consistent with this Memorandum Opinion is issued separately on this same date.

DATE: 7/27/09

/s/ Royce C. Lamberth
United States District Judge